UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

IN RE:                                    )
                                          )        CASE NO. 12-30055
CHARLES MELVIN ADAMS                      )
                                          )        CHAPTER 7
                    Debtor                )
_____ )
                                          )
SHANNON BRINGHURST                        )
                                          )
                    Plaintiff             )
                                          )
v.                                        )        AP NO. 12-03004
                                          )
CHARLES MELVIN ADAMS                      )
                                          )
                    Defendant             )

## <u>OPINION</u>

Plaintiff Shannon Bringhurst filed this adversary proceeding seeking a determination a debt owed by Defendant Charles Melvin Adams was not subject to discharge under 11 U.S.C. § 727.   Bringhurst relies on 11 U.S.C. § 523(a)(15) in arguing the debt is excepted from discharge.  On May 10, 2012, Bringhurst filed a motion pursuant to Fed R. Civ. P. 56, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, for summary judgment relative to the nondischargeability of the debt ("Motion") (Doc. 7).

Entry of a summary decision is proper if the materials in the record show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

The record and the applicable law are sufficient to warrant entry of a summary judgment in favor of Bringhurst and against Adams because the debt at issue is the kind of debt excepted from discharge by § 523(a)(15).

The material facts are not in dispute.

## **FINDINGS OF FACT**

1.     Bringhurst is the former spouse of Adams.

2.     The parties were married from December 1997 until the marriage was dissolved by Limited Decree of Dissolution of Marriage entered by the Oldham Circuit Court Family Law Division ("Oldham Family Court") on November 20, 2009 ("Limited Decree").

3.     Adams filed a Chapter 7 bankruptcy petition in this Court, styled *In Re: Charles Melvin Adams*, which was assigned case number 12-30055 ("Bankruptcy Case").

4.     On June 16, 2010, the Oldham Family Court entered Findings of Fact and Conclusions of Law ("June 16 Order"), concluding, among other things, Bringhurst was "entitled to a return on her contributions to the marital estate, including, but not limited to, an equitable share of equity in the marital home" because Adams desired to keep the marital home. (Doc. 1, Exhibit A, p. 9). The June 16 Order required Adams "buy-out" Bringhurst's interest in the marital home and marital vehicles within 90 days of entry of the June 16 Order. (Doc. 1, Exhibit A, p. 10).

5.     On August 16, 2011, the Oldham Family Court entered an order ("August 16 Order") granting a "Common Law Judgment"[1] against Adams and in favor of Bringhurst. (Doc. 1, Exhibit B).

6.     The Oldham Family Court entered an order on September 2, 2011 ("September 2 Order"), correcting a clerical mistake in the amount of the judgment awarded by the August 16 Order. The September 2 Order clarified the amount of the judgment against Adams was $56,992.33, with all other terms remaining unchanged from the August 16 Order.

---

[1]     In the Court's effort to give effect to every word, Plaintiff's counsel was asked to explain the meaning of the term "Common Law Judgment" as used in the August 16 Order, which counsel stated was drafted by an attorney in his firm. Counsel was unable to clarify the usage of the phrase "common law" to define the word "judgment." Ultimately, counsel explained the "common law judgment" was intended to provide a mechanism for Bringhurst to record a judgment lien thereby securing her claim against Adams with real estate owned solely by Adams. This explanation comports with this Court's usage of the term judgment. Based on the explanation of counsel, the phrase "common law" adds nothing to further define the term "judgment" and is disregarded as surplusage.

7.      Bringhurst subsequently filed a motion for contempt against Adams in Oldham Family Court for his failure to comply with the terms of the various orders entered by the Oldham Family Court.   On December 21, 2011 ("December 21 Order"), the Oldham Family Court entered an order on the motion for contempt reemphasizing the September 2 Order and adding $5,000.00 to the total established by the September 2 Order.   The added sum represented attorney's fees incurred by Bringhurst in her collection efforts against Adams as allowed by the orders of the Oldham Family Court.

8.      The June 16 Order, August 16 Order, September 2 Order and December 21 Order were entered by the Oldham Family Court within the parties' divorce action and all claims addressed by the orders arose under K.R.S. § 403.010-.350.

9.      Bringhurst filed a proof of claim in the Bankruptcy Case stating she is owed $65,011.33 arising from the parties' marriage and subsequent divorce action.

## CONCLUSIONS OF LAW

In response to the Motion, Adams contends the debt at issue, *i.e.* the judgment, was not incurred in the course of the divorce or in connection with a divorce decree, is not the type of debt described in 11 U.S.C. § 523(a)(15) and is therefore subject to discharge.

Section 215(3) of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act amended § 523(a)(15) to provide, "obligations to a spouse, former spouse, or child of the debtor (not otherwise described in section 523(a)(5)) incurred in connection with a divorce or separation or related action are nondischargeable irrespective of the debtor's ability to pay such debts."   H.R. REP. NO. 109-31, pt. 1 (2005).   As applied in this adversary proceeding the subsection reads as follows,

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –

. . . .

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a

3

divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

The debt that is the subject of this adversary proceeding was created on the entry of the June 16 Order.  The June 16 Order establishes beyond dispute that the debt owed by Adams to Bringhurst is in the category of debts excepted from discharge because the amount is a debt to a former spouse, is not the kind of debt described by 11 U.S.C. § 523(a)(5), was incurred by the debtor in connection with a divorce and is an "other order of a court of record."  11 U.S.C. § 523(a)(15).

Adams suggests, without support, that the reduction of the debt to a judgment somehow changed the nature of the debt thereby removing it from the category of debts described by § 523(a)(15).  Bringhurst was well within her rights to pursue all available avenues to collect the debt owed by Adams.  Moving the Oldham Family Court to reduce the debt to a judgment to allow the filing of a notice of judgment lien did not create a new obligation.  Immediately before and immediately after the Oldham Family Court entered the August 16 Order Adams was obligated to "buy-out" Bringhurst's interest in the marital home and marital vehicles.

The debt owed by Adams to Bringhurst falls squarely within the category of debts described by 11 U.S.C. § 523 (a)(15) and is accordingly not subject to discharge.

The Court shall enter an order of judgment consistent herewith.

Service to all those in the CM/ECF notification system to receive notice in this case.

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
**_Joseph M. Scott, Jr._**
**Bankruptcy Judge**
**Dated: Thursday, June 28, 2012**
**(jms)**